UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JOSEPH AVERON CAMPBELL,

        Petitioner,         Case No. 2:11-cv-15

v.        Honorable Gordon J. Quist

JEFFREY WOODS,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner presently is incarcerated at the G. Robert Cotton Correctional Facility (JCF).[1] On June 5, 2006, the Kalamazoo County Circuit Court sentenced Petitioner to a prison term of twenty to thirty-five years for a conviction of second-degree murder. On June 27, 2007, Petitioner appealed his conviction to the Michigan Court of Appeals, and on April 1, 2008, the court affirmed his conviction. Petitioner filed an application for leave to appeal with the Michigan Supreme Court that was denied on November 25, 2008. Petitioner contends that he did not receive the Michigan Supreme Court's order until March 1, 2010. Petitioner did not file a petition for certiorari with the United States Supreme Court.

In his habeas petition, Petition presents one basis for relief: Petitioner contends that the trial court admitted the preliminary examination testimony of an unavailable witness who claimed that Petitioner had confessed the crime to him, in violation of Petitioner's right under the Confrontation Clause of the Sixth Amendment. Petitioner raised this argument before the Michigan Court of Appeals and the Michigan Supreme Court.

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] The Petition states that he is incarcerated at the Kinross Correctional Facility, but the Offender Tracking Information System on the website of the Michigan Department of Corrections indicates that presently he is at JCF.

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on November 25, 2008. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on February 23, 2009. Thus, Petitioner had one year from that date, or until February 23, 2010, to file

his habeas application. Petitioner filed the instant petition on January 13, 2011. Petitioner filed more than one year after the time for direct review expired. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Petitioner contends that he did not receive the Michigan Supreme Court's November 2008 order denying his appeal. He asserts that he wrote to the clerk of the court for an update on his case in February of 2010, and learned of the order later that month. On March 1, 2010, Petitioner received a copy of the order.

On March 8, 2010, Petitioner wrote to the Michigan Supreme Court requesting a copy of the docket and to learn where the order was sent. On March 15, Petitioner sent a letter to JCF to find out why the order was not received. Petitioner again wrote to the Michigan Supreme Court to find out where the order was sent, and on March 17 he received a copy of the status of the case in response. On March 24, the clerk of the Michigan Supreme Court informed Petitioner that two copies of the order were sent to Petitioner on the date that it issued. On March 29, Petitioner filed a grievance against mail-room personnel at JCF, complaining that he never received his mail from the Michigan Supreme Court. On March 30, Petitioner asked the Michigan Supreme Court to reissue the order so that he could file his habeas petition. In April 2010, Petitioner again wrote to the Michigan Supreme Court to determine the address to which the court sent its order. Petitioner also pursued his grievance, unsuccessfully, through step II and step III of the grievance process. In June 2010, Petitioner was informed that his step III grievance failed to include the required copies of the step I and step II responses, though Petitioner asserts that he never received responses. Petitioner asserts that these circumstances indicate that he was obstructed from filing his habeas petition by the Michigan Department of Corrections.

Under the circumstances, Petitioner's late discovery of the Michigan Supreme Court's ruling does not, in itself, excuse the untimely filing of the habeas petition. To be entitled to equitable tolling, Petitioner must establish that he was pursuing his rights diligently. *Holland*, 130 S. Ct. at 2562. The facts before the Court do not indicate diligence on Petitioner's part. Petitioner filed his application for leave to appeal to the Michigan Supreme Court on May 23, 2008 (Amended Pet., docket #10, Page ID#115), but he did not follow up with that court to determine the status of his case until over a year and a half later, in February 2010. Failing to monitor the status of an appeal and diligently pursue § 2254 relief does not justify equitable tolling. *Elliot v. Dewitt*, No. 00-3329, 2001

- 5 -

WL 523527, at * 1 (6th Cir. May 8, 2001). Moreover, Petitioner did not file his habeas petition until January 2011, at least nine months after he discovered that the Michigan Supreme Court had denied his appeal. *Cf. Coleman v. Jackson*, 184 F.3d 398, 403 (5th Cir. 1999) (denying equitable tolling where the petition was filed six months after petitioner learned of the denial of his postconviction application). In sum, the facts presented by Petitioner suggest that he did not follow the status of his appeal to the Supreme Court, and he did not diligently pursue relief when he discovered that the Michigan Supreme Court denied his appeal. Accordingly, on the facts presented, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 26, 2011

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).