UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOSEPH AVERON CAMPBELL,

        Petitioner,

v.                                         Case No. 2:11-CV-00015

JEFFREY WOODS,                      HON. GORDON J. QUIST

        Respondent.
_____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued a Report and Recommendation July 26, 2011, recommending that the petition be denied as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2254(d). Petitioner has filed objections. Having conducted a *de novo* review of the Report and Recommendation and Petitioner's objections thereto, the Court concludes that the Report and Recommendation should be adopted.

        As set forth in the Report and Recommendation, the one-year statute of limitations began to run on February 23, 2009, ninety days after the November 25, 2008, order of Michigan Supreme Court denying Petitioner's application for leave to appeal. Thus, Petitioner had until February 23, 2010 to file his habeas application, but did not do so until January 13, 2011. Petitioner asserts that he is entitled to equitable tolling because he did not receive the Michigan Supreme Court's November 2008, order until March 2010, approximately one month after he wrote a letter to the clerk of the court asking for an update on his case. The Court agrees with Magistrate Judge that

Petitioner is not entitled to equitable tolling. To begin, Petitioner filed his application for leave to appeal to the Michigan Supreme Court on May 23, 2008, but did not seek to determine the status of that appeal until more than year and half later. Even after he learned that the Michigan Supreme Court had denied his appeal, in March of 2010, he waited another ten months before filing this petition. Petitioner's objections provide no justification for either delay. Because Petitioner failed to monitor the status of his appeal and to diligently pursue his § 2254 relief, equitable tolling is not appropriate. *Elliot v. Dewitt*, 10 F. A'ppx 311, 313 (6th Cir. 2001); *see also Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (denying equitable tolling where the petitioner waited six months after learning that his state petition had been denied, explaining that he "should have attempted to expediently file his federal habeas petition upon receiving notice that his state petition had been denied").

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that

reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 26, 2011 (docket no. 12) is **APPROVED AND ADOPTED** as the Opinion of the Court and Petitioner's Objections To Report And Recommendation Of United States Magistrate Judge Timothy P. Greeley (docket no. 13) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** as **barred** by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.


Dated: August 24, 2011                                         /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE